[L. A. No. 837.   Department Two. — June 26, 1901.]

## BUFFALO CYCLE COMPANY, a Copartnership, etc., Respondents, v. TODD & HAWLEY, a Corporation, Appellant.

PLEADING — DENIAL OF LEGAL CONCLUSIONS — ACCEPTANCE OF ORDER. — The action was based upon an acceptance of an order, by the terms of which the defendant, as acceptor, agreed to pay to the payee whatever sums might be due and payable to the drawer thereafter from any contract or transactions had with the acceptor.   The complaint averred that thereafter the defendant had received to and for the use of the drawer, from the contracts and transactions mentioned in the order, large sums of money, in excess of a specified amount, and had refused to pay any part thereof to the plaintiff. The answer denied that the defendant had ever received any sum "which was due and payable on the order and acceptance sued upon"; or that it ever had possession of any sum which "could have been applied in the satisfaction of said order and acceptance"; or "that it ever had any property or any money out of which it could have paid any claim of the plaintiff"; or that it had ever refused to pay the plaintiff any sum of money "applicable to said payment under the terms thereof."   *Held*, that such denials were merely of legal conclusions, and raised no issue, and that the plaintiff was entitled to judgment on the pleadings.

ID. — REFUSAL OF AMENDMENT — DISCRETION. — In such action, the refusal to allow the defendant, after a motion for judgment had been made, to file an amended answer, in which the material allegations of the complaint were denied in substantially the same manner, but in which some of the formal allegations, which were admitted by the original answer, were denied on information and belief, was not an abuse of discretion.

APPEAL from a judgment of the Superior Court of San Diego County.   E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Hendrick & Wright, for Appellant.

Withington & Carter, for Respondents.

McFARLAND, J. — On motion of plaintiffs a judgment on the pleadings was rendered in their favor, and defendant appeals from the judgment.

It is averred in the complaint, in addition to the averments

of the partnership of plaintiffs, the incorporation of defendant, and other formal matters, that on and prior to June 1, 1895, defendant and one Percy Easton were partners, under the firm name of the San Diego Cycle Company, and engaged in certain described business; that on said day the partnership was dissolved, and defendant took possession of the assets, contracts, accounts, and other property of the partnership, and proceeded to close out the business. It is further averred that said Easton was indebted to plaintiffs on a certain promissory note and on a certain judgment, the amount due on both being $604.55, with interest, etc.; and that "in settlement of said demands, and of the said claims and indebtedness," Easton made and delivered to plaintiffs the following order:—

"MESSRS. TODD AND HAWLEY, composing the San Diego Cycle Company.

"Please pay to Withington and Carter, attorneys of the Buffalo Cycle Company, whatever sums may be due and payable to me thereafter from any contract or contracts or transactions had with you or either of you.

"(Signed)                           PERCY EASTON.

"SAN DIEGO, CALIFORNIA, July 22, 1895."

And that at said last-mentioned date the said defendant accepted the said order, in writing as follows:—

"Accepted.                          TODD & HAWLEY.

"G. M. HAWLEY, Treasurer."

It is further averred that Withington and Carter had no interest in said order, that it was always the property of plaintiffs, and that they made a formal written assignment of the same to plaintiffs. It is further averred that thereafter defendant received to and for the use of Easton, from the business, contracts, and transactions mentioned in the order, large sums of money, in excess of said $604.55 and interest, and though often requested to do so, has refused to pay the same or any part thereof to plaintiffs. There is also an averment that. defendant had paid to Easton a sum of money largely in excess of plaintiffs' claim.

Defendant filed an answer, in which there was no denial of the partnership of plaintiffs, or the partnership of defendant and Easton, or the indebtedness of Easton to plaintiffs, or the making of said order and its acceptance by defendant. The

entire answer of the defendant is as follows: "Now comes defendant, and by way of answering plaintiffs' amended complaint herein, denies that at any time or times mentioned in said complaint this defendant ever received to or for the use of the said Percy Easton the sum of $604.55, or any other sum of money *which was due and payable on the order and acceptance sued upon;* denies that at any time the defendant had said sum of money, or any sum of money, belonging to said Easton, in his possession, *which sum could have been applied in the satisfaction of said order and acceptance;* denies that it ever had any property or any money *out of which it could have paid* any claims of the plaintiffs herein against the said Percy Easton. Defendant denies that it has since the said twenty-second day of July, 1895, paid to Percy Easton said sum of money as set out in said plaintiffs' amended complaint, or any sums of money, nor has this defendant ever refused or failed to pay the plaintiffs any sum of money or moneys *applicable to said payment under the terms thereof.*"

The judgment of the court below is right. The answer raises no issue. It denies no material averment of the complaint. It contains merely a statement of the pleader's opinion that, as a matter of law, the money alleged by plaintiffs to be in its hands is not applicable to the payment of the plaintiffs' claim, without stating any facts upon which the opinion is based, and it therefore sets up no defense. The denial that the defendant paid any money to Easton is merely the denial of an immaterial averment.

After the motion for judgment had been argued, and before judgment thereon had been rendered, defendant made a general request to amend, and the court postponed the decision for several days, during which time defendant offered a certain proposed amended answer, a copy of which appears in the record, and asked leave to file it. The court refused to allow the proposed answer to be filed; and in this ruling we see no error. The denials in the proposed answer, as to the matters referred to in the original answer, are substantially like those in the original. There are some denials as to averments in the complaint above noticed, which were admitted in the original answer, all of which, except one, are made on the ground that defendant had "no information or belief sufficient to enable him to answer." The exception is a mere denial that it was ever associated with Easton as a partner "under the name

of the San Diego Cycle Company." There is no denial of the drawing and acceptance of the order, or the receipt of money belonging to Easton. There is an averment that it paid out money to other creditors of Easton without authority from the latter to do so; but this constitutes no defense. Under these circumstances we cannot say that the court abused its discretion in refusing to allow the amended answer to be filed.

There is nothing in the point that there are two causes of action in the complaint which are not separately stated. There is only one cause of action, which is on the accepted order.

The judgment is affirmed.

Temple, J., and Henshaw, J., concurred.